Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PENNEY OPCO LLC d/b/a "JC Penney," a Virginia limited liability company; BEE DARLIN', INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1.  COPYRIGHT INFRINGEMENT<br><br><br>Jury Trial Demanded |
| --- | --- |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

- 1 -
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal places of business in New York and Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant PenneyOpco LLC is a Virginia limited liability company doing business as "JC Penney" ("JCP") with its principal place of business located at 6501 Legacy Drive, Suite B 100. Plano, TX 75024. JCP has been and continues to be registered with the California Secretary of State since 2020 and maintains registered agents for service of process in this judicial district.

6. Plaintiff is informed and believes and thereon alleges that Defendant Bee Darlin', Inc. ("Bee") is a California corporation with its principal place of business located at 1875 E. 22nd Street, Los Angeles, CA 90058.

7. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants Does 4 through 10, inclusive, (collectively with JCP, Bee, and Does 1 through 3, "Defendants") are other parties not yet identified who have

infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 688

10.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 688 ("Subject Design").

11.     The Subject Design is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

12.     Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering the Subject Design.

13.     Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design and Number 688 to numerous parties in the fashion and apparel industries.

14.     Following this distribution of the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had

misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, JCP, Bee and certain Doe Defendants, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Products"). Such garments include but are not limited to the garments named "Premier Amour Off the Shoulder Long Sleeve Jumpsuit," "Premier Amour Off the Shoulder Long Sleeve Evening Gown," and "Premier Amour Lace Off the Shoulder Long Sleeve Midi Sheath Dress."

16. The Infringing Products bear the RN No. 54314, indicating that they were manufactured by or for Bee.

17. Below is a comparison of the Subject Design with exemplar Infringing Products, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of the Subject Design:

///

///

///

- 4 -
COMPLAINT

| **Subject Design** | **Exemplars of Infringing Products** |
|---|---|
| Klauber Design 688  | Offending Product Name: " Premier Amour Off the Shoulder Long Sleeve Jumpsuit "<br><br>Detail:<br><br>Garment: |

COMPLAINT

| Klauber Design 688 | Offending Product Name: "Premier Amour Off the Shoulder Long Sleeve Evening Gown" |
|---|---|
|  | Detail: <br><br>Garment:<br><br> |

COMPLAINT

| Klauber Design 688 | Offending Product Name: "Premier Amour Lace Off the Shoulder Long Sleeve Midi Sheath Dress" Detail: |
|---|---|
|  |  Garment:  |

18.    The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the garments are substantially similar to the design at issue.

///

///

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

19.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

21.    Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized designs that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

22.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

23.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

 a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

 b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

COMPLAINT

c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 18, 2026        By:   /s/ Nelson A. Campbell
                                  Trevor W. Barrett, Esq.
                                  Nelson Campbell, Esq.
                                  DONIGER / BURROUGHS
                                  Attorneys for Plaintiff

COMPLAINT